1

2

3

4

5

6                                  **UNITED STATES DISTRICT COURT**

7                                   **EASTERN DISTRICT OF CALIFORNIA**

8

9    **UNITED STATES OF AMERICA,**                  **CASE NO. 1:10-CR-0176 AWI-2**

10                  **Plaintiff**

11                      **v.**                      **ORDER GRANTING DEFENDANT'S**
                                                    **MOTION FOR EARLY TERMINATION**
                                                    **OF SUPERVISED RELEASE**
12   **ROBERT DAVIS DODSON, Jr.**

13                  **Defendant**                   (Doc. No. 119)

14

15

16          On July 21, 2016, Defendant Robert Dodson, Jr. ("Dodson") filed a pro se motion for

17   modification of conditions of release.  See Doc. No. 119.  Specifically, Dodson states that he has a

18   job, is working towards retirement in 7 or 8 years, regrets what happened, had consulted a lawyer

19   and was attempting to open medical marijuana dispensary, and he would like to be released from

20   probation early.  See id.  Dodson states that he wants to get on with his life, but that to see his

21   probation officer, he is required to travel 200 miles and take time off of work.  See id.

22          Dodson had pled guilty to conspiracy to manufacture and distribute marijuana (21 U.S.C.

23   §§ 841(a)(1), 841(b)(1)(B), and 846).  See Doc. Nos. 70, 105, 108.  Dodson was sentenced to 24

24   months in custody and a period of 48 months of supervised.  See Doc. No. 108.  Dodson's term of

25   supervised release will expire in September 2017.  See Doc. No. 122.

26          On August 23, 2016, the Government filed a response to Dodson's motion.  See id.  The

27   Government states that it has met with Dodson's probation officer, J.C. Hill.  See id.  Probation

28   Officer Hill is represented as reporting that Dodson's performance on supervised release has been

1   satisfactory for the most part and that Dodson has maintained employment while on supervised

2   release.  See id.  The Government states, after consulting with Probation Officer Hill, that it

3   "agrees to early termination of the defendant's term of supervised release."  Id.

4          18 U.S.C. § 3583 *inter alia* permits a court to terminate a term of supervised release, after

5   considering various factors in 18 U.S.C. § 3553,[1] if a defendant has performed at least one year of

6   supervised release and if the Court is satisfied that a termination is warranted by the conduct of the

7   defendant and in the interests of justice.  See 18 U.S.C. § 3583(e)(1).

8          Here, the Court finds that it is appropriate to terminate Dodson's supervised release early.

9   Of note, Dodson has served his term of custody and approximately 75% of his term of supervised

10  release.  Dodson has done well on supervised release, and he has maintained a job while on

11  supervised release.  Part of Dodson's motivation for seeking early termination is to be able to

12  more easily maintain employment without have to take time off to see his probation officer.

13  Dodson's letter indicates that it is unlikely that he will engage in similar illegal conduct in the

14  future.   No restitution is involved, and critically, the United States' agrees that supervised release

15  should be terminated early.  Therefore, the Court will grant Dodson's motion.  See id.[2]

16  //

17  //

18  //

19  //

20

---

21  [1] The factors to be considered in 18 U.S.C. § 3553 are:  (1) the nature and circumstances of the offense and the nature
    and characteristics of the defendant, see § 3553(a)(1); (2) the need for the sentence imposed to provide adequate
22  deterrence, see § 3553(a)(2)(B); (3) the need for the sentence imposed to protect the public from further crimes by the
    defendant, see § 3553(a)(2)(C); (4) the need for the sentence to provide the defendant with needed educational,
    vocational, medical, or other correctional treatment or aide, see § 3553(a)(2)(D); (5) the kind of sentence and the
23  sentencing range established for the applicable category of offense in the sentencing guidelines, see § 3553(a)(4); (6)
    any pertinent policy statement issued by the Sentencing Commission, see § 3553(a)(5); (7) the need to avoid
24  unwarranted sentence disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victims, see §
    3553(a)(7).

25
    [2] 18U.S.C. § 3583(e)(1) also requires the Court to follow the Federal Rules of Criminal Procedure regarding
26  modifications of probation.  See 18 U.S.C. § 3583(e)(1).  Rule of Criminal Procedure 32.1 deals with revoking or
    modifying probation or supervised release.  For a modification, Rule 32.1 requires the Court to hold a hearing before
27  modifying conditions, unless *inter alia* the relief sought is favorable to the defendant and does not extend supervised
    release or probation, or the government attorney does not object.  See Fed. R. Crim. P. 32.1(c)(2)(B), (C).  Because
    the relief is favorable to Dodson and the Government agrees that his term of supervised release should be terminated
28  early, there is no need for a hearing.  See id.

1

**ORDER**

2    Accordingly, IT IS HEREBY ORDERED that:

3    1.    Defendant's motion for modification of conditions of supervised release (Doc. No. 119) is

4          GRANTED;

5    2.    Pursuant to 18 U.S.C. § 3583(e)(1), Defendant Robert Davis Dodson, Jr.'s term of

6          supervised release is TERMINATED immediately; and

7    3.    The Clerk shall serve a copy of this order on the United States Probation Office for the

8          Eastern District of California, attention to Probation Officer J.C. Hill.

9

10    IT IS SO ORDERED.

11    Dated:   August 25, 2016          _____
                                        SENIOR  DISTRICT  JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3